O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JACK GREEN, RICK LECLAIRE, AND ROBERT SCHAEFER<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN BERNARDINO, *et al.*,<br><br>Defendants. | CASE NO. CV 11-2049 ODW (OPx)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [7] |

Currently before the Court is Defendant Superior Court Judge Annamarie G. Pace's ("Defendant") Motion to Dismiss Plaintiffs Jack Green, Rick LeClaire, and Robert Schaefer's ("Plaintiffs") First Amended Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rule __"). (Dkt. No. 7.) Having considered the matter, the Court deems the matter appropriate for decision without oral argument pursuant to Rule 78 and Local Rule 7-15 and **GRANTS** the instant Motion.

1

Plaintiffs, currently incarcerated, instituted this *pro se* action alleging various constitutional violations as well as violation of the Racketeering Influence and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*, against the City of San Bernardino and other city and state officials including Defendant. At this time, Defendant moves to dismiss Plaintiffs' claims arguing that: (1) judicial immunity bars Plaintiffs' claims; (2) the *Rooker-Feldman* Doctrine bars Plaintiffs' claims; (3) the Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment; and (4) the First Amended Complaint fails to state a claim for relief. The Court addresses Defendant's argument to the extent necessary.

Notwithstanding Plaintiffs' incoherent allegations, the Court recognizes the long-standing rule that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). This immunity reflects the "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). Here, the First Amended Complaint alleges that Defendant is being sued in her official capacity. Because immunity applies to judicial actions taken within the court's jurisdiction, Defendant in this case is absolutely immune from liability for her actions.[1] Accordingly, the Court

---

[1] In addition, Plaintiffs' claims are barred by the Eleventh Amendment. The Eleventh Amendment bars federal courts "from deciding virtually any case in which a state or the 'arm of a state' is a defendant... unless the state has affirmatively consented to suit." *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422 (9th Cir. 1991). The Ninth Circuit has held that "[a] suit against the Superior Court is a suit against the State, barred by the eleventh amendment." *Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). As a result, Plaintiffs' claims must also fail for this reason.

Furthermore, to the extent Plaintiffs are essentially asking the federal court to review Defendant's decisions related to Plaintiffs' state court proceedings, Plaintiffs' claims are barred because the *Rooker-Feldman* doctrine generally bars federal district courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Plaintiffs' claims therefore must fail in its entirety.

1 | **GRANTS** Defendant's Motion. Plaintiffs' claims against Defendant Superior Court
2 | Judge Annamarie G. Pace are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

July 19, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE